# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10258 | **DATE** | February 14, 2013 |
| **CASE TITLE** | Vaghani et al vs. Walgreens Co. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is granted. The amended complaint is dismissed.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

Now before the Court is Defendant Walgreens, Co.'s ("Walgreens") motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, the motion is granted.

Walgreens is a retail pharmacy chain. The amended complaint alleges that various Walgreens branch locations released the prescription, physician, and insurance information of Plaintiffs Sam P. Vaghani ("Vaghani") and Taramati G. Patel ("Patel") (together "Plaintiffs"), and Ghanshyam J. Patel, a deceased non-party to the suit, between 2010 and 2012. The amended complaint contains three claims: intentional infliction of emotional distress (Count I), intrusion of solitude and seclusion and public disclosure (Count II), and appropriation of name or likeness (Count III). In addition, Plaintiffs appear to assert a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 29 U.S.C. § 1181 *et seq*. Walgreens now moves to dismiss the amended complaint.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a claim must be facially plausible, a requirement that is satisfied if the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs bring three non-federal claims and what we construe to be a claim under HIPAA. HIPAA does not authorize a private cause of action. *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F. Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action.") (citations omitted). The Department of Health and Human Services alone enforces HIPAA. *Id.* To the extent Plaintiffs attempt to bring a claim under HIPAA, the claim is dismissed.

| ORDER |
|---|

    We also dismiss the three remaining non-federal claims for lack of subject-matter jurisdiction. District courts retain subject-matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and any action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a)(1). None of Plaintiffs' claims implicate federal law, and the amended complaint lacks any allegation as to the respective parties' state of citizenship. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc) (noting that the burden of proving subject-matter jurisdiction "is on the party asserting jurisdiction."). We further decline to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(c)(3).

    For the aforementioned reasons, the amended complaint is dismissed.

**Date: February 14, 2013**

**CHARLES P. KOCORAS**
**U.S. District Judge**